68 F.3d 482
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
vs.
Jeffrey SEWARD, Defendant/Appellant.
 No. 93-50615.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 11, 1995.*
Decided Oct. 18, 1995.
 
 1
 Before: BROWNING and PREGERSON, Circuit Judges, and TANNER,** District Judge.
 
 
 2
 MEMORANDUM***
 
 INTRODUCTION
 
 3
 Defendant/Appellant Jeffrey Seward was indicted for possession with intent to distribute cocaine in violation of 21 U.S.C. Sec. 841(a)(1). Seward filed a motion to suppress 3 kilograms of cocaine, which was denied. The motion to suppress arose from events occurring after Seward checked a suitcase with a skycap at curbside at LAX prior to entering the Midwest Airlines terminal. Seward was approached by a detective and questioned. Seward would not allow his carry-on bag to be searched, but allowed officers to detain his suitcase for a canine sniff. Seward moved to suppress all evidence obtained as a result of the search, and his subsequent detention and arrest at the Milwaukee, Wisconsin airport. Defendant appeals, following a conditional plea of guilty, and we AFFIRM.
 
 STANDARD OF REVIEW
 
 4
 We review the lawfulness of a search de novo. United States v. Brown, 884 F.2d 1309, 1311 (9th Cir. 1989). Findings of fact made at a suppression hearing are reviewed for clear error. Id.
 
 
 5
 The district court's factual conclusion that consent to search was voluntary is reviewed for clear error. Id.
 
 DISCUSSION
 
 6
 Seward claims that detectives at LAX violated his Fourth Amendment rights by detaining his checked suitcase, and that the officers did not have reasonable grounds to suspect that he was engaged in criminal activity.
 
 
 7
 Even assuming that stopping Seward and initially detaining his luggage implicated the Fourth Amendment, the brief investigatory detention was justified by reasonable suspicion of criminal activity, and the further detention of the suitcase for canine inspection was justified by Seward's consent.
 
 A. Reasonable suspicion
 
 8
 The existence of reasonable suspicion for an investigatory stop is a mixed question of law and fact subject to de novo review. United States v. Rodriguez, 976 F.2d 592, 594 (9th Cir. 1992). The court must look at the "totality of the circumstances" in making its determination. United States v. Sokolow, 490 U.S. 1, 8 (1989).
 
 
 9
 Police officers may effect a brief, temporary detention without a warrant and without probable cause while attempting to obtain additional information if the officer has a "reasonable suspicion" that a crime is about to be committed, or has taken place. Terry v. Ohio, 392 U.S. 1, 31 (1968).
 
 
 10
 In this case, Seward's conduct upon arriving at LAX created a reasonable suspicion of criminal activity. His conduct included bypassing several parking spaces outside the Midwest terminal, then exiting the vehicle and walking back toward the terminal; visible nervousness and shaking hands; and checking his luggage at curbside without completing an identification tag. At this point, the officers had reasonable suspicion to initially detain the bag at curbside and question Seward. Inside the terminal, officers observed more suspicious behavior, including Seward's nervousness when speaking to detectives, and his assertion that he purchased the ticket 2 days prior from a travel agent, when the ticket clearly indicated it had been purchased that same day with cash.
 
 
 11
 At the time detectives told the skycap to hold Seward's bag, the officers had reasonable cause to suspect that Seward's suitcase contained contraband, and they properly held it until it. Once inside the terminal, officers obtained additional suspicion, and ultimately Seward's consent, to justify the further detention and canine sniff of the bag.
 
 B. Consent to Search
 
 12
 Seward concedes that he gave consent to have his luggage subjected to a canine sniff, but contends that his consent was not voluntary.
 
 
 13
 The voluntariness of consent is a question of fact to be determined from the totality of the circumstances. Schneckloth v. Bustamonte, 412 U.S. 218, 233 (1973).
 
 
 14
 The facts show that Seward was approached in a public area by officers in plain clothes; and that the officers told Seward he was not in trouble, not under arrest, and expressly stated that he was free to leave. The officers did not display weapons, touch Seward, or restrain him in any way. The officers asked Seward if they could speak with him, and expressly informed him that he did not have to speak with them. Seward admitted that he provided Detective Salcido with a telephone number in Milwaukee to reach him in the event that his suitcase did not make the flight, and also admitted that he boarded the flight with no interference from the officers. Seward's actions and statements indicated he understood what was occurring. The district court found Seward's claim that he did not feel free to leave not credible. Under these circumstances, the district court's finding that Seward gave "clear consent... to the law enforcement [officers] to have his one checked-in luggage...sniffed by the dog" is not clearly erroneous.[1] See United States v. Brown, 884 F.2d 1309, 1311-12 (9th Cir. 1989).
 
 C. Inevitable Discovery
 
 15
 Even if the agents unlawfully detained the suitcase in Los Angeles, the evidence is still admissible. The "inevitable discovery" doctrine allows the admission of unlawfully obtained evidence where the government can show by a preponderance of the evidence that the information would inevitably have been discovered by other lawful means. Nix v. Williams, 467 U.S. 431, 444 (1984).
 
 
 16
 Had the detective not detained Seward's bag in Los Angeles, the bag nevertheless would have been subjected to a canine sniff by a trained narcotics dog in Milwaukee. Therefore, the narcotics would have been discovered in any event. AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Jack E. Tanner, Senior District Court Judge for the Western District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 See Reporters Transcript 6/15/93, GER 105